[Smith, C. J.,
drew up an opinion, from which the following is an extract:] —
Independent of any agreement of creditor, or his agent, it is no defence that Mitchell had delivered them [the goods attached] to Aspinwall, and had taken his receipt. If directed by the creditor to do so, or if creditor content to take such receipt, instead of looking to him, Mitchell, this would discharge Mitchell; otherwise not. Mitchell takes security at his own rislsfor his indemnity; and such indemnity reasonable, and therefore not unlawful.
Upon the evidence in this case, the only ground of defence is, that creditor agreed to discharge Mitchell from his responsibility by law, safely to keep in his custody till expiration of *373 thirty days from attachment, and to accept the receipt Mitchell had taken from Aspinwall in lien of the goods. If he did so agree, it is reasonable that Mitchell should be discharged; because Mitchell has executed the agreement on his part, which was made on good consideration (damage to Mitchell); and has thereby lost his remedy against Aspinwall, because the receipt is discharged by Edson, agent of the creditor.
Smith, C. J., and Ellis, J., concurred in setting aside the verdict, on account of erroneous rulings at the trial. Livkbmojlik, J., dissented. The grounds of his dissent are not stated. His rulings at the trial show that he agreed with Smith, C. J., in the doctrine that the sheriff took a receiptor at his own risk.[1] ,[1]